**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| C21FC LLC, et al., | ) | No.  CV-22-00736-PHX-SPL |
|---|---|---|
| Plaintiffs, | ) ) ) | **ORDER** |
| vs. | ) ) | |
| NYC Vision Capital Incorporated, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

**I.    BACKGROUND**

On April 29, 2022, Plaintiffs C21FC LLC and C21VX LLC initiated this action against Defendants NYC Vision Capital Incorporated ("NYCVC"), Wali and Syeda Mondal, Dr. Elie Islam, and Shafi Karim. (Doc. 1). Plaintiff C21FC is a Delaware LLC that franchises retail optical stores, while Plaintiff C21VX is a Delaware LLC that operates retail optical stores. (Doc. 11 at 1). Defendant NYCVC is a New York corporation. (Doc. 11 at 2). The Mondal Defendants each have 49.5% ownership of NYCVC, and Defendant Islam, an optometrist, owns the remaining 1%. (Doc. 11 at 2). Defendant Karim is the spouse of Dr. Islam and the son of the Mondals, who are a married couple. (Doc. 11 at 2).

On June 6, 2022, Plaintiffs filed a First Amended Complaint alleging six counts: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) declaratory relief regarding ownership of The Eye Man trademark; (4) lien foreclosure; (5) trademark infringement and false registration; and (6) reformation. (Doc.

11). The case arises from a Franchise Agreement executed on June 29, 2021 in which C21FC agreed to franchise The Eye Man, an existing optometry store in New York City, to NYCVC. (Doc. 11 at 89–128). On July 13, 2021, the sellers of The Eye Man and C21VX executed a purchase agreement for the sale of The Eye Man. (Doc. 11 at 22–38). Shortly thereafter, however, the sellers of The Eye Man, C21VX, and NYCVC executed an amendment to the purchase agreement substituting NYCVC as the "Buyer" in place of C21VX. (Doc. 11 at 144–45). Plaintiffs argue that the amendment inadvertently failed to differentiate between the physical assets, which were to be transferred to NYCVC, and the The Eye Man trademark, which was to be owned by C21VX (Doc. 11 at 8), while Defendants contend that it effected the sale of all The Eye Man's assets to Defendants (Doc. 22 at 3–4). Defendants are now operating a new The Eye Man store in New York City independent from Plaintiffs. (June 15, 2022 Hearing Tr. at 213:23–214:3).

Sixteen days before the instant case was filed, however, on April 13, 2022 NYCVC, the Mondals, and Dr. Islam sued C21FC and its CEO, CFO, and COO in the Southern District of New York. *NYC Vision Capital, Inc. v. C21FC, LLC*, No. 1:22-cv-03071-LJL (S.D.N.Y.) (the "New York Action"). Based on the same Franchise Agreement and resulting events that are at issue in this case, they alleged nine counts: (1) unregistered franchise in violation of the New York Franchise Sales Act ("NYFSA"); (2) failure to timely provide disclosure document in violation of the NYFSA; (3) false statements in violation of the NYFSA; (4) violation of the Arizona Consumer Fraud Act; (5) common law fraud; (6) common law fraud by omission; (7) negligent misrepresentation; (8) breach of contract; and (9) declaratory relief regarding ownership of The Eye Man trademark. (New York Action, ECF No. 14).

On May 31, 2022, Defendants filed the instant Motion to Transfer, Stay, or Dismiss Pursuant to the First-to-File Rule (Doc. 10).[1] The Motion is fully briefed[2] (Docs.

---

[1] There is also a pending Motion to Transfer in the New York Action, filed on June 9, 2022, in which the defendants in that case request that it be transferred to this Court pursuant to a forum-selection clause in the Franchise Agreement. (New York Action, ECF No. 24).

16, 28) and the Court now rules as follows.[3]

## II.    LEGAL STANDARD

"There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982). This is known as the "first-to-file" rule. "The first-to-file rule may be applied when a complaint involving the same parties and issues has already been filed in another district." *Kohn L. Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015) (internal quotation marks omitted). Courts therefore analyze three factors when determining whether to apply the first-to-file rule: "chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Id.* "The first-to-file rule is intended to serve the purpose of promoting efficiency well and should not be disregarded lightly." *Id.* at 1239 (internal quotation marks omitted). If a court determines the first-to-file rule does apply, it may transfer, stay, or dismiss the action. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 623 (9th Cir. 1991).

## III.    DISCUSSION

Plaintiffs do not dispute that the three factors of the first-to-file rule are met; indeed, the New York Action was filed 16 days before this case,[4] the parties are

---

[2] While briefing of the instant Motion was ongoing, Plaintiffs filed a Motion for Temporary Restraining Order, which the Court also construed as a Motion for Preliminary Injunction (Doc. 13); the parties completed expedited briefing of the Motion for Preliminary Injunction (Docs. 22, 26); the Court held a Hearing on the Motion (Doc. 29); and the Court ultimately denied the Motion (Doc. 34).

[3] Because it would not assist in resolution of the instant issues, the Court finds the pending motion is suitable for decision without oral argument. *See* LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

[4] Plaintiffs make an argument that "the first-to-file rule 'is usually disregarded where the competing suits were filed merely days apart.'" (Doc. 16 at 6 (quoting *Ontel Prods., Inc. v. Project Strategies Corp.*, 899 F. Supp. 1144, 1153 (S.D.N.Y. 1995)). But in *Ontel Products*, the two lawsuits at issue were filed on the *same day*. 899 F. Supp. 1153. Moreover, *Ontel Products* cites to *Factors Etc., Inc. v Pro Arts, Inc.* for the proposition quoted by Plaintiffs. *Id.* There, the Second Circuit held that the first-to-file rule did not apply where a suit was filed in the Northern District of Ohio *five days* before a second lawsuit in the Southern District of New York. *Factors Etc., Inc. v. Pro Arts,*

3

substantially similar, and both cases arise out of the Franchise Agreement between the parties and related events. Instead, Plaintiffs' sole argument against application of the first-to-file rule is based on Section 17.11 of the parties' Franchise Agreement, the "Forum-Selection Clause," which reads:

> You [NYCVC] agree that we [C21FC] may institute any action against you arising out of or relating to this Agreement . . . in any state or federal court of general jurisdiction in Maricopa County, Arizona, and you irrevocably submit to the jurisdiction of such courts and waive any objection you may have to either the jurisdiction or venue of such court.

(Doc. 11 at 125). Plaintiffs argue that the Forum-Selection Clause takes priority over the first-to-file rule. (Doc. 16 at 1).

A "valid and enforceable mandatory forum selection clause" will generally prevail over the first-to-file rule. *Universal Operations Risk Mgmt., LLC v. Glob. Rescue LLC*, No. C 11-5969 SBA, 2012 WL 2792444, at *5 (N.D. Cal. July 9, 2012). But Defendants argue that the Forum-Selection Clause is permissive rather than mandatory, and that the first-to-file rule therefore controls. (Doc. 28 at 2).

"To be mandatory, a [forum-selection] clause must contain language that clearly designates a forum as the exclusive one." *N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 1995). In contrast, a permissive forum selection clause allows for litigation in a particular court but "does not mean that the same subject matter cannot be litigated in any other court." *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987); *see also Meridian PO Fin. LLC v. OTR Tire Grp. Inc.*, 507 F. Supp. 3d 1148, 1159 (D. Ariz. 2020) ("A mandatory forum selection clause requires litigation to proceed in a particular jurisdiction, while a permissive forum selection clause simply bestows jurisdiction to that forum.").

---

*Inc.*, 579 F.2d 215, 217, 219 (2d Cir. 1978). Not only is five days much less than the 16-day separation in this case, but the Second Circuit's listed only two reasons that are not present here to justify its holding. *See id.* (citing the fact that two other related lawsuits were pending in the Southern District of New York and the fact that the Ohio suit was "filed in apparent anticipation of" the New York suit as reasons that the first-to-file rule did not apply).

The Forum-Selection Clause here is clearly permissive. It allows Plaintiffs to sue Defendants in state or federal court in Maricopa County and provides that Defendants waive any objections to jurisdiction and venue in such a court, but does not make courts in Maricopa County the *exclusive* forum for litigation related to the Franchise Agreement. In *Hunt Wesson*, the Ninth Circuit held that a forum-selection clause providing that "[t]he courts of California, County of Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter or the interpretation of this contract" was permissive because "it mandate[d] nothing more than that the Orange County courts have jurisdiction." 817 F.2d at 76, 77; *cf. Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989) (holding a forum-selection clause stating that "venue of any action brought hereunder shall be deemed to be in Virginia" was mandatory because the parties "not only consented to the jurisdiction of the state courts of Virginia, but further agreed by mandatory language that the venue for all actions arising out of the [contract] would be . . . Virginia"). Likewise, here, the Forum-Selection Clause mandates *only* that jurisdiction and venue are proper if Plaintiffs sue Defendants in a Maricopa County court; it does *not* mandate that Maricopa County is the exclusive venue for litigation between the parties. As such, the Forum-Selection Clause is permissive.

The next question, then, is whether a permissive forum-selection clause prevails over the first-to-file rule. Defendants' citation to *Cluck-U, Corp. v. Cluck-U Chicken, Inc.* is directly on point. No. PWG-15-3439, 2016 WL 9526438 (D. Md. May 27, 2016). There, a franchisee filed suit against a franchisor in the Middle District of Florida six weeks before the franchisor sued the franchisee in the District of Maryland. *Id.* at *1. The franchisee moved for the Maryland case to be transferred to the Middle District of Florida pursuant to the first-to-file rule. *Id.* The franchisor opposed the motion in part based on a permissive forum-selection clause that provided for jurisdiction and venue in Maryland. *Id.* at *2. The District of Maryland held that "the weight otherwise accorded to Plaintiff's choice of forum and the parties' choice of forum in the forum-selection clauses is minimized by the [f]ranchisee's earlier-filed suit in another forum," reasoning that "when

[the franchisor] filed suit [in Maryland], the [f]ranchisee already had filed suit in the Middle District of Florida, as the permissive forum-selection language . . . permitted it to do." *Id.* at *3.

Similarly, here, Plaintiffs filed suit in this District *after* Defendants had permissibly filed suit in the Southern District of New York. Thus, the permissive Forum-Selection Clause carries little weight in this Court's analysis. *See also Hynes Aviation Indus., Inc. v. Sacramento E.D.M., Inc.*, No. 6:12-CV-03521-BCW, 2013 WL 12198837, at *4 (W.D. Mo. Aug. 1, 2013) (finding application of the first-to-file rule appropriate *even if* a contrary forum-selection clause were viewed as mandatory because "[a] forum selection clause is not dispositive in determining whether a case should be transferred to another venue"); *VetBridge Prod. Dev. Subsidiary I (NM-OMP), LLC v. NewMarket Pharms., LLC*, No. 5:18-CV-06147-BCW, 2018 WL 6331708, at *4 (W.D. Mo. Dec. 4, 2018) ("[T]he existence of the [permissive] forum selection clause does not, by itself, justify departure from the application of the first-filed rule."); *Pep Boys, Manny, Moe & Jack v. Am. Waste Oil Servs., Corp.*, No. CIV. A. 96-CV-7098, 1997 WL 367048, at *8 (E.D. Pa. June 25, 1997) (finding that "the existence of a prior-filed case involving the same parties and the same facts provides sufficient justification for this court to consider departing from" the Third Circuit's principle that "even a permissively worded [forum-selection] clause may be a substantial consideration in ruling upon a motion to transfer"); *Stone & Webster, Inc. v. Ga. Power Co.*, 965 F. Supp. 2d 56, 64 (D.D.C. 2013) ("[W]hile this section contains a permissive forum selection clause establishing this district as a proper forum, this is in no way dispositive of the first-to-file analysis, as it is by its terms *non-exclusive*.").

Plaintiffs cite a variety of cases from other districts to the contrary. (Doc. 16 at 5). But the Court finds those cases—which are largely premised on the notion that there is little difference between a mandatory and permissive forum-selection clause[5]—to be

---

[5] *See, e.g., Haagen-Dazs Shoppe Co., Inc. v. Born*, 897 F. Supp. 122, 125 (S.D.N.Y. 1995) ("The permissive nature of the forum selection clause need not affect

questionable in light of binding Ninth Circuit precedent. Ninth Circuit case law emphasizes that mandatory forum-selection clauses are significantly distinct from permissive ones, and that the latter carry less weight than the former. *See, e.g.*, *Docksider, Ltd.*, 875 F.2d at 764 ("When only jurisdiction is specified the clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive."); *Hunt Wesson Foods, Inc.*, 817 F.2d at 77–78; *N. Cal. Dist. Council of Laborers*, 69 F.3d at 1036–37. Thus, the Court declines to file the line of cases cited by Plaintiffs.

Considering all the circumstances of this case, and weighing the interests of justice, efficiency, convenience, and the avoidance of inconsistent judgments, in light of the Ninth Circuit's admonition that the first-to-file rule "should not be disregarded lightly," the Court finds that application of the first-to-file rule is appropriate in this case. *Kohn L. Grp., Inc.*, 787 F.3d at 1239; *see Pacesetter Sys., Inc.*, 678 F.2d at 95 (holding that a court's discretion in applying the first-to-file rule should be guided by "determinations concerning wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation" (internal quotation marks omitted)). Even giving some weight to the permissive forum-selection clause, the efficiency interest that the first-to-file rule promotes is not outweighed. Plaintiffs do not dispute that their claims in this matter are compulsory counterclaims to the New York Action, which was permissibly filed in that forum before the filing of this suit. To litigate the same issues in different forums would be a drain on judicial resources and an inconvenience to the parties. Moreover, as this Court previously stated, the issues likely turn on the question of who owns The Eye Man and its associated Marks. (Doc. 34 at 4). Thus, if this Court and the Southern District of New York were to reach different

the weight it is given."); *Cambridge Nutrition A.G. v. Fotheringham*, 840 F. Supp. 299, 301 (S.D.N.Y. 1994) ("Neither *The Bremen* nor *Carnival Cruise* places any reliance on or even discusses the fact that the clauses at issue in those cases used particular or compulsory terms."); *see also Travelodge Hotels, Inc. v. Mangat Houston Race Track, LLC*, No. 2:06-cv-03543-JAG, 2007 WL 2156367, at *7 (D.N.J. July 25, 2007) ("Courts are in disagreement over whether permissive forum selections clauses are subject to less consideration than mandatory ones . . . .").

conclusions on that question, the risk of inconsistent judgments would be particularly problematic, as it would be impossible for both entities to simultaneously own The Eye Man and its Marks. Plaintiffs argue that the public interest favors this forum as the Franchise Agreement is governed by Arizona law, but that is not entirely true. Pursuant to the Franchise Agreement, New York law applies with respect to the law governing franchises and the relationship of franchisors and franchisees. (Doc. 34 at 12 n.9). Because both New York and Arizona law are likely to apply in part, this consideration is neutral.

In sum, the Forum Selection Clause that permits, but not require, Plaintiffs to file suit in Maricopa County does not outweigh the countervailing interests of judicial administration protected by the first-to-file rule. Because the Court applies the first-to-file rule, the final remaining question is whether this case should be stayed, transferred, or dismissed. The Court finds that transfer of this case to the Southern District of New York would best serve the interests of justice and efficiency. Whether to consolidate the cases will, of course, be in that court's sound discretion, but it may be possible to resolve the claims and issues raised through a single proceeding. Accordingly,

**IT IS ORDERED** that Defendant NYC Vision Capital, Inc.'s Motion to Transfer, Stay, or Dismiss Pursuant to the First-to-File Rule (Doc. 10) is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **transfer** this matter to the United States District Court for the Southern District of New York and **terminate** this case in the District of Arizona.

Dated this 7th day of July, 2022.

Honorable Steven P. Logan
United States District Judge